UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CONSTANCE A. SHIVERS, | Civil No. 04-4587 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Neut L. Strandemo, **STRANDEMO SHERIDAN & DULAS, PA**, 1380 Corporate Center Curve, Suite 320, Eagan, MN 55121, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Constance Shivers brings this action against the Commissioner of Social Security seeking judicial review of the denial of her application for disability insurance benefits. In a Report and Recommendation dated February 9, 2006, United States Magistrate Judge Franklin L. Noel recommended that the Court deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment. This matter is before the Court on plaintiff's objections to the Report and Recommendation.

The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court rejects the Report and Recommendation of the Magistrate Judge and remands the

application to the Administrative Law Judge for further development and consideration of the record.

## BACKGROUND

Shivers was born on July 2, 1950, and was 53 at the time of the administrative hearing. She has a high school education, and her past relevant work includes retail services worker, general office clerk, and licensed practical nurse. Plaintiff filed an application for disability benefits on August 12, 2002, asserting that she is completely unable to work because of degenerative cervical disk disease, shoulder problems, arthritis, and nerve impingement, and related pain and inability to drive to work.

The Social Security Administration denied Shivers's claim initially and on reconsideration. Shivers then requested and received a hearing before an Administrative Law Judge ("ALJ"). The ALJ evaluated Shivers claim according to the five-step sequence required by social security regulations. The sequence requires the Commissioner to determine: (1) whether the claimant is presently engaged in "substantial gainful activity;" (2) whether the claimant has a severe impairment – one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the "residual functional capacity" to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to

prove that there are other jobs in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a); *Kerns v. Apfel*, 160 F.3d 464, 466 n.6 (8th Cir. 1998) (quoting *Fines v. Apfel*, 149 F.3d 893, 894 (8th Cir. 1998)).

At steps one through three, the ALJ determined that Shivers has not engaged in substantial gainful employment since August 2, 2002 and is severely impaired by a right rotator cuff tear, degenerative disc disease and disc bulging at three cervical locations, and generalized arthritis. However, the ALJ determined that her impairments do not meet or equal one of the listed presumptively disabling impairments.

At step four the ALJ determined that Shivers had the following residual functional capacity: light work defined by the ability to stand 6 hours, walk 6 hours, sit 6 hours, and lift/carry 20 pounds on an occasional basis and more than 5 to 10 pounds on a frequent basis. Moreover, the ALJ determined that Shivers cannot engage in vigorous, forceful, or frequent use of her upper extremities with respect to activities over shoulder level. In making this determination, the ALJ considered both the objective medical evidence and the subjective complaints expressed by Shivers, but the ALJ determined that Shivers's subjective complaints were not entirely credible. Based on the residual functional capacity determined by the ALJ and the testimony of the vocational expert, the ALJ concluded that Gibson could perform her past relevant work as a retail sales worker and general office clerk. Therefore, the ALJ found Shivers not disabled as defined under the Social Security Act and denied the application for benefits.

The Social Security Administration Appeals Council denied Shivers's request for further review on August 24, 2004, and the ALJ's opinion became final at that time.

*Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992); 20 C.F.R. §404.981.  Shivers then sought judicial review of the decision, contending that the ALJ's finding regarding her residual functional capacity is not supported by substantial evidence on the record as a whole because the ALJ (1) made repeated serious and substantial errors of fact in his decision, which led to an erroneous hypothetical; (2) failed to accept the treating doctor's opinion and replaced it with the opinion of a non-treating, non-examining physician; and (3) erred in stating that Shivers could do past relevant work.  The Magistrate Judge found that the ALJ erred in finding that Shivers did not use prescription medication but that the error was harmless.  Thus, the Magistrate Judge rejected each of Shivers's contentions, and recommended that the plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted.  For the reasons explained below, the Court rejects the Report and Recommendation.

## ANALYSIS

**I.     STANDARD OF REVIEW**

The Court may reject the Commissioner's decision only if it is not supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g).  Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support the Commissioner's conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000).  In determining whether evidence in the record is substantial, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Id.*  However, the possibility that the Court

could draw two inconsistent conclusions from the same record does not preclude the decision from being supported by substantial evidence. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

## II. PLAINTIFF'S OBJECTIONS

Shivers objects to the Magistrate Judge's Report and Recommendation, contending that the ALJ's determination that Shivers is not disabled within the meaning of Social Security Income benefits is incorrect for three reasons. First, none of Shivers treating doctors have allowed her to return to work on a full-time basis since January 25, 2001. Second, the side effects of the substantial narcotic medication taken by Shivers and the effects of her narcolepsy were not considered. Third, the ALJ's credibility findings improperly discounted Shivers's subjective complaints.

### A. Ability To Work Full-time

The ALJ must determine whether a claimant retains the residual functional capacity to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520. Residual functional capacity is essentially defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." 20 C.F.R. § 404.1545. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8p. However, "[t]he ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work . . . ." *Id.*, n.2. "Part-time work that was substantial gainful activity, performed within the past

15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the [residual functional capacity] to perform such work must be found not disabled." *Id.*

The ALJ concluded that Shivers retains the capacity to perform light work on a regular and continuing basis.  The Magistrate Judge concluded that the ALJ's determination was based on substantial evidence because "[t]he record does not show that Dr. Metz and Dr. Seizert believed that Ms. Shivers was permanently unable to return to full-time employment."

The fact that Shivers's treating doctors did not *permanently* restrict her from full-time work is unconvincing evidence that she retains the capacity to work full-time because the record shows that these doctors repeatedly restricted her to part-time work.[1] Indeed, the Court finds no indication in the record that any of the doctors who examined Shivers opined that she has retained the capacity to work full-time, and she has not engaged in substantial gainful employment since August 2, 2002.  In addition, at the hearing, Shivers testified that she must take multiple naps each day because of her narcolepsy and sleep apnea.  In her objection to the Report and Recommendation, Shivers argues that she cannot work full-time because of her sleep disorders.  The ALJ does not

---

[1] Dr. Seizert recommended Shivers be off work for one month in January 2001 until she had her surgery.  On March 22, 2001, Dr. Metz recommended that she "back off to six hours per day, four days a week, at least for the next month."  In December 2001, Dr. Metz took her off of work entirely.  In January 2002, Dr. Seizert suggested that she transition back to part-time schedule.  In July 2002, Dr. Metz states, "I will keep her at 20 hours per week."

reference the effects of Shivers's sleep disorders in his decision or explain how this might impact her ability to work.

The record does not indicate that Shivers can work full-time. Nevertheless, the ability to work full-time is not always required when evaluating an individual's capacity to do past relevant work. Social Security Ruling 96-8p, n.2. It is unclear from the ALJ's decision whether he properly assessed Shivers's capacity to perform her past relevant work in light of her inability to work full-time and the standard provided in Social Security Ruling 96-8p. Accordingly, the Court remands for further consideration and explanation.

### B.     Credibility Findings

As the finder of fact, the ALJ is charged with making credibility determinations. *Stephens v. Shalala*, 46 F.3d 37, 39 (8th Cir. 1995). However, credibility determination must be supported by substantial evidence on the record as a whole. *Ross v. Apfel*, 218 F.3d 844, 846-47 (8th Cir. 2000). The ALJ must consider claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effect of medication; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Whether the claimant has sought treatment, her demeanor, and the objective medical evidence are also relevant to this determination. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The ALJ determined that Shivers's allegations regarding her limitations are not totally credible "for the reasons set forth in the body of the decision." The problem with

this finding, however, is that the body of the decision contains several factual errors. The Magistrate Judge identified one error and concluded that the error was harmless. The Court has identified several errors in the ALJ's decision, and therefore disagrees with the Magistrate Judge's conclusion.

To begin, the ALJ found that Shivers's claimed physical limitations are inconsistent with the "complete absence of the use of prescribed pain medications." The medical record and Shivers's testimony reflect that she has been prescribed and has used numerous pain medications for her impairments. In her objection to the Report and Recommendation, Shivers makes the valid point that neither the ALJ nor the Magistrate Judge considered the negative side effects of the pain medications. In her application for disability benefits, Shivers explains that she was forced to stop working in part because her use of narcotics made her unable to drive to and from work.

The ALJ also determined that Shivers's "pain is not as serious or as debilitating as alleged" because she had declined surgical intervention. On the contrary, the record and her testimony reflects that she has had multiple surgeries. She had a decompression, in which the surgeon removed part of her clavicle, put a metal anchor into her shoulder, and reattached the rotator. She also had a rhizotomy to address her neck pain.

The ALJ also mischaracterized Shivers's testimony from the hearing. In his decision, the ALJ states, "She admitted to having no problems walking, lifting ten pounds, or driving a car for sixty miles at a time. Examples of household chores that she says she is capable of performing include cooking and laundry." Shivers did not admit to being able to walk without problems. Rather, she explained that she does not attempt to

walk far because she gets tired and fatigued.  She also testified to having difficulty driving.  She drives infrequently, often less than once per week.  When she needs to drive from Brainerd to Minneapolis to go to the doctor, she is forced to stop halfway and spend the night in Royalton because she can only go about 40 miles at a time.  As for household chores, she testified that she cannot do her own laundry.  She has not gone grocery shopping for about three years because she cannot engage in repetitive reaching to get things into the shopping cart.  She is very limited in the cooking she can do because she cannot lift any of the frying pans or stir anything that has resistance to it.  It does not appear to the Court that the ALJ adequately took into account Shivers's testimony regarding the difficulty with which she conducts daily activities.[2]

An ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence.  *See Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002).  Moreover, the Court finds that Shivers's testimony about the pain she experiences is largely supported by the medical record.  Without further corroborating evidence, the factors relied on by the ALJ do not constitute substantial evidence on the record as a whole supporting the credibility determination.  Accordingly, the Court remands to further develop the record with regard to Shivers's subjective complaints of pain and functional limitations.

---

[2] Shivers explains in her objection that the ALJ who presided over the hearing looked very ill and fatigued, and "rarely lifted his head from the papers he had before him and was clearly not comfortable." The ALJ died shortly after the hearing, and the decision was written by an ALJ who did not attend the hearing and had never seen or spoken with Shivers. These events may explain, but do not excuse, the significant factual errors in the ALJ decision.

### III. Past Relevant Work

The ALJ determined that Shivers could perform her past relevant work as a retail sales worker and general office clerk. This determination was based in part on a vocational expert's response to a hypothetical posed by the ALJ. The ALJ is only required to incorporate into the hypothetical those impairments and limitations which have been accepted as credible. *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997). However, if the credibility determination was not appropriate, for the reasons set forth above, then the hypothetical posed likely did not include all of Shivers's limitations. Therefore, a decision regarding the accuracy of the ALJ's credibility determination is needed before the Court can address whether Shivers can perform her past relevant work, or whether Shivers possesses transferable skills allowing her to perform work existing in the economy.

### ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **SUSTAINS** plaintiff's objection [Docket No. 25] and **REJECTS** the Magistrate Judge's Report and Recommendation [Docket No. 22]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Docket No. 9] is **DENIED** in so far as it requests summary judgment, but **GRANTED** in so far as it requests remand for further proceedings.

2. Defendant's motion for summary judgment [Docket No. 16] is **DENIED**.

      3.      The case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 24, 2006                         s/ John R. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                          United States District Judge